**UNITED STATES of America,**

v.

**Carol BAYLESS, Defendant.**

No. 95 Cr. 533 (HB).

United States District Court, S.D. New York.

May 16, 1996.

Mary Jo White, United States Attorney for the Southern District of New York, Jay Holtmeier, Ira M. Feinberg, New York City, for Government.

Ramon Pagan, New York City, for Defendant.

## OPINION AND ORDER

BAER, District Judge.

The defendant moves for recusal under Title 28 of the United States Code § 144 and § 455. Defendant's major contention is that the extensive media coverage and comment from political leaders which followed the initial decision in this matter created considerable political pressure which, in turn, prompted me to develop a personal interest and lose my impartiality, thereby necessitating my disqualification. The defendant made a similar oral motion in Court on April 12, 1996, which was denied in a ruling from the bench. *See United States v. Bayless,* 95 Cr. 533, Tr. of Apr. 12, 1996. The motion now before me, while similar, is on papers and supported by the defendant's affidavit and counsel's Certificate of Good Faith.

■ Title 28 Section 144 of the United States Code, one of the two sections relied on by the movant, became law in 1911 and applies where a judge harbors a personal bias or prejudice for or against one party. *See,* e.g., *United States v. El–Gabrowny,* 844 F.Supp. 955 (S.D.N.Y.1994). The other more recent statute, 28 U.S.C. § 455 was enacted in 1974. In large measure the grounds for disqualification are the same in both statutes. *See Apple v. Jewish Hospital & Medical Center,* 829 F.2d 326, 333 (2d Cir.1987). Section 455(a), however, is a broader prohibition and mandates disqualification when the court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

The defendant here has concluded that all she need do is file her affidavit and the Court must step aside. My interpretation of 28 U.S.C. § 144 and the interpretations of this Circuit are quite different. Disqualification applies only where the requirements of the statute are met, i.e., only where the affidavit is both timely and sufficient. *See* 28 U.S.C. § 144. The defendant fails to meet either test.

As to the timeliness, the press coverage in this matter began the moment that the Court granted the defendant's suppression motion in January of 1996. Yet, the defendant waited to move not simply until the motion for

reconsideration was granted, not simply until the rehearing, not even during the period that the decision following the rehearing was *sub judice* but until the defendant was greeted with a decision she did not like. Since it is expressly required that a motion for recusal be timely, and that the timeliness factor is determinative, *see Apple*, 829 F.2d at 333; *In re International Business Machines Corp.,* 618 F.2d 923, 932 (2d Cir.1980), the motion would fail on that ground alone.

■ As to sufficiency, the defendant would fair equally poorly under both U.S.C. § 144 and § 455. The requisite actual bias is totally unsupported and no personal bias or prejudice by this Court against the defendant has been alleged. The defendant's only allegation of conduct evidencing bias and the Court's position was dealt with in the previous decision on this motion. The Government in its answering papers pointedly confronts the defendant's contention with respect to the motion for reconsideration as well as any "outside pressure" succinctly;

> [m]oreover, defendant's allegations about the absence of new evidence to support the Court's decision on reconsideration are patently untrue, and the Court is not required to accept conclusory allegations which are contradicted by the record before the Court. In fact, the Government's motion for reconsideration stated powerful legal and factual reasons for the Court to re-open the hearing, and significant additional evidence was introduced at the second hearing, including the testimony of Sergeant Walter Bentley and the incredible testimony of the defendant herself. The Court's April 1 opinion explained in detail why that additional evidence justified the Court vacating its prior order and denying the defendant's suppression motion.

■ With respect to the only remaining allegation, i.e., that media coverage and political commentary have created an appearance of partiality, there is again no grounds whatsoever for any such allegations and certainly none has been alleged by the defendant. If judges were to recuse themselves every time they granted a rehearing and on the basis of

new evidence changed their minds, the objective standard created in 28 U.S.C. § 455(a) would turn that statute on its head.

While this motion is denied, it has now become clear that to try this case will create several unnecessary and otherwise avoidable problems and attendant delay. The defendant has been incarcerated for over a year without a trial and while much of the prospective delay can be attributed to the defendant, it can and should be avoided. These delays will begin with jury selection and should there be a conviction, extend to sentencing. Likely too is even further delay by trips to the Court of Appeals, much of all this may be obviated by returning this case to the wheel and consequently, in the interests of justice, the case is so returned with a new judge to be chosen. In this fashion the trial will be simplified and perhaps even avoided.

SO ORDERED.

### Order

Pursuant to Rule 18 of the Rules for the Division of Business Among District Judges for the Southern District of New York, I hereby request that this case be transferred to another District Judge. It has become clear that for me to try this case will create several unnecessary and otherwise avoidable problems and attendant delay.

SO ORDERED.